O

# United States District Court
# Central District of California

| | |
|---|---|
| SG BLOCKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOLA COMMUNITY PARTNERS; HEART OF LOS ANGELES YOUTH, INC.; and CITY OF LOS ANGELES, <br><br> Defendants. | Lead Case №: <br> 2:20-cv-03432-ODW (RAOx) <br><br> Consolidated Case №: <br> 2:20-cv-04386-ODW (RAOx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART SG BLOCKS'S MOTION FOR SANCTIONS [65]** |
| HOLA COMMUNITY PARTNERS, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> SG BLOCKS, INC.; TETON BUILDINGS, LLC; AVESI CONSTRUCTION, LLC; AMERICAN HOME BUILDING AND MASONRY CORP DBA AMERICAN HOME BUILDING; and DOES 1-1000, inclusive, <br><br> Consolidated Defendants. | |
| AND RELATED THIRD-PARTY CLAIMS | |

## I. INTRODUCTION[1]

Consolidated Defendant SG Blocks, Inc. ("SG Blocks") moves for Rule 11 sanctions against Consolidated Plaintiff HOLA Community Partners ("HCP") and its counsel of record for filing and maintaining a claim that HCP argues was clearly time-barred. (Mot. Sanctions ("Motion" or "Mot."), ECF No. 65.) The Motion is fully briefed. (Opp'n, ECF No. 66; Reply, ECF No. 67.) For the reasons discussed below, the Motion is **GRANTED in part** and **DENIED in part**.[2]

## II. BACKGROUND[3]

In June 2017, HCP hired SG Blocks to design, fabricate, and construct a recreation center in Los Angeles, California (the "Center"). The work required SG Blocks to hold a valid contractor's license in California, but at no relevant time was SG Blocks licensed as a California contractor. (First Am. Consol. Compl. ("FACC") ¶ 46, ECF No. 31.) Still, HCP paid SG Blocks approximately $4 million for its work on the Center, pursuant to their agreement. (*Id.* ¶ 47, Prayer ¶ 8; Opp'n 9.)

On February 20, 2019, HCP sent SG Blocks a letter terminating the agreement between the parties, "effective immediately." (Decl. of Stevan M. Armstrong, Ex. A ("Term. Letter"), ECF No. 65-3.) The letter also stated: "SG Blocks is not permitted on site without HCP's express consent. If SG Blocks has left any of its property on the jobsite, please advise your attorneys to contact ours to make immediate arrangements to access the jobsite for the sole purpose of removing such property." (*Id.*)

---

[1] As used throughout this Order, "Lead Case" refers to *SG Blocks, Inc. v. HOLA Community Partners, et al.*, case no. 2:20-cv-03432-ODW (RAOx), and "Consolidated Case" refers to *HOLA Community Partners v. SG Blocks, Inc., et al.*, case no. 2:20-cv-04386-ODW (RAOx). Unless otherwise noted, citations to Electronic Case Filing numbers refer to Lead Case docket.

[2] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] The Court has detailed the facts of this case in a prior order and hereby incorporates by reference the relevant portions of that order. (*See* Order re: HOLA's Mot. Dismiss, City's Mot. J. Pleadings, and SG Blocks's Mot. Dismiss FACC ("Prior Order"), ECF No. 68.) To the extent the facts detailed in Part II of this Order draw entirely from the Prior Order, the Court foregoes citing to the record here.

2

More than a year later, on April 20, 2020, HCP initiated the Consolidated Case against SG Blocks in state court. (Consol. Compl., Consol. ECF No. 1.) Among other claims, HCP asserted a cause of action for disgorgement under California Business and Professions Code section 7031(b). (*Id.* at ¶¶ 45–47.) Under section 7031(b), "a person who utilizes the service of an unlicensed contractor may bring an action in any court of competent jurisdiction in [California] to recover all compensation paid to the unlicensed contractor for performance of any act or contract." Cal. Bus. & Profs. Code § 7031(b). But throughout this litigation and even before HCP initiated the Consolidated Case, SG Blocks argued that HCP's disgorgement claim was clearly time-barred because California Code of Civil Procedure section 340(a) provides that a one-year statute of limitations applies to "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual . . . [unless] the statute imposing it prescribes a different limitation." Cal. Code Civ. Proc. § 340; (*see* Mot. 9–13). Undeterred, HCP reasserted its disgorgement claim in its First Amended Consolidated Complaint, which was filed on August 19, 2020. (FACC ¶¶ 45–47.)

On August 26, 2020, the California Court of Appeal held that "CCP 340(a), the one-year statute of limitation, applies to disgorgement claims brought under section 7031(b)," *and* "the discovery rule does not apply to section 7031(b) claims." *Eisenberg Village of Los Angeles Jewish Home for the Aging v. Suffolk Construction Co., Inc.*, 53 Cal. App. 5th 1201, 1212, 1214 (2020). Significantly, the *Eisenberg Village* court began its opinion by noting that both holdings resolved "issues of first impression." *Id.* at 1203. This led to the parties arguing over whether *Eisenberg Village* was immediately controlling, as the California Supreme Court had until September 25, 2020, to review *Eisenberg Village* on its own motion.[4] (*See* Opp'n 11–12 (discussing Cal. R. Ct. 8.512(c)).) Also, on October 5, 2020, the California Supreme Court extended its review period to December 24, 2020. (*See id.*) Thus, HCP argued that the

---
[4] No petition for review was filed in the *Eisenberg Village* case. (*See* Mot. 18.)

3

law was not yet settled as to which statute of limitations applied to section 7031(b) claims. (*See id.*)

On September 2, 2020, SG Blocks moved to dismiss the FACC, including HCP's section 7031(b) claim. (SG Blocks's Mot. Dismiss FACC, ECF No. 35.) In opposition, HCP argued that (1) any reliance on *Eisenberg Village* at that point in time would be premature, and (2) in any event, the claim was not time-barred on the face of the FACC. (Opp'n SG Blocks's Mot. Dismiss FACC 19, ECF No. 40.) On November 16, 2020, while that motion was still pending, the parties submitted a joint report pursuant to Rule 26(f), in which HCP again restated its position that SG Blocks was responsible for "disgorgement of all fees paid." (Rule 26(f) Report 6, ECF No. 45.) And on November 24, 2020, the California Supreme Court denied a request for depublication of the *Eisenberg Village* opinion and declined to review the decision on its own motion. (*See* Opp'n 12.)

On February 7, 2021, SG Blocks filed the present Motion for Sanctions based on HCP's disgorgement claim. (*See* Mot.) HCP filed its Opposition on February 12, 2021. (*See* Opp'n.) Shortly thereafter, on February 25, 2021, the Court denied SG Blocks's pending motion to dismiss the disgorgement claim, but only because the claim was not time-barred on the face of the FACC. (Prior Order 24–25.) Finally, on April 26, 2021, HCP voluntarily dismissed its claim for disgorgement under section 7031(b), with prejudice. (Joint Stip. Dismiss., ECF No. 73.) Now, the Court considers whether any of HCP's conduct as described above warrants sanctions under Rule 11.

### III.  LEGAL STANDARD

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11(b) states, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b). Thus, courts can impose Rule 11 sanctions for filings that are "frivolous, legally unreasonable, or . . . brought for an improper purpose." *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Courts can also impose sanctions under Rule 11 "for insisting upon a position after it is no longer tenable." Fed. Rs. Civ. P. 11(b)–(c) advisory committee's note to 1993 amendment; *accord Avedisian v. Mercedes-Benz USA, LLC*, No. CV 12-00936 DMG (CWx), 2014 WL 47466, at *4 (C.D. Cal. Jan. 2, 2014).[5]

Motions brought under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Parties moving for Rule 11 sanctions must also "give the opposing party 21 days first to withdraw or otherwise correct the offending paper." *Holgate v. Baldwin*, 425 F.3d 671, 677–78 (9th Cir. 2005) (internal quotation marks omitted) ("We enforce this safe harbor provision strictly."); *see* Fed. R. Civ. P. 11(c)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

---

[5] Prior to the 1993 amendment, the Ninth Circuit repeatedly stated that Rule 11 "applies only to the initial signing and imposes no continuing duty on the signer." *See, e.g.*, *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121 (9th Cir. 1991) (citing *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988)). However, given the advisory committee's notes detailing how the 1993 amendment to Rule 11 "in part expand[ed] the responsibilities of litigants to the court," it is clear that Rule 11 does impose a continuing duty now. *See* Fed. Rs. Civ. P. 11(b)–(c) advisory committee's note to 1993 amendment.

"Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.* But the "[t]he court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A).

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 653 (9th Cir. 1988). Still, courts have "significant discretion" when determining whether to award sanctions. Fed. Rs. Civ. P. 11(b)–(c) advisory committee's note to 1993 amendment.

## IV. DISCUSSION

SG Blocks moves for sanctions on grounds that HCP's disgorgement claim was legally unreasonable, frivolous, and brought for an improper purpose. SG Blocks argues not only that the disgorgement claim violated Rule 11 when it was filed, but also that the claim *became* untenable when the California Court of Appeal issued its opinion in *Eisenberg Village*. (Mot. 17–25.) The Court addresses these arguments in the most practical order, below.

### A. Violation of Rule 11(b)(2) – Legally Unreasonable or Frivolous

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court claims, defenses, and other legal contentions not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *See Holgate*, 425 F.3d at 675–76 (internal quotation marks and alterations omitted). In other words, Rule 11(b)(2) requires that a claim must be supported by existing law, and if it is not, it must not be frivolous.

"When, as here, a complaint is the primary focus of Rule 11 proceedings, a district court must . . . determine (1) whether the complaint is legally or factually

baseless from an objective perspective, and (2) [whether] the attorney has conducted a reasonable and competent injury before [presenting it to the court]." *Id.* (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). A claim is legally baseless, unwarranted, and unreasonable "where no plausible, good faith argument can be made by a competent attorney in support of the proposition asserted." *See Goel v. Coalition Am. Holding Co., Inc.*, No. CV 11-02349 JGB (Ex), 2013 WL 12122302, at *6 (C.D. Cal. Feb. 26, 2013) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 833 (9th Cir. 1986)). A claim is frivolous if it is "baseless *and* made without a reasonable and competent inquiry." *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Here, HCP's disgorgement claim was filed on August 19, 2020, seven days before *Eisenberg Village* was published. The *Eisenberg Village* decision resolved "issues of first impression related to claims for disgorgement under section 7031(b)"—namely, whether the statute of limitations for such a claim was one year and whether the discovery rule could apply. 53 Cal. App. 5th at 1203. Thus, this Court cannot say that HCP's disgorgement claim was clearly and objectively baseless under existing law at the time the FACC was filed, so the Court finds that sanctions are not warranted simply for filing the disgorgement claim in the FACC.

The question remains whether HCP "insist[ed] upon a position after it [wa]s no longer tenable." *Avedisian*, 2014 WL 47466, at *5. Once *Eisenberg Village* was decided and published, it became law. *See* Cal. R. Ct. 8.1115(d) ("A published California opinion may be cited or relied on as soon as it is certified for publication or ordered published."). And the law from that case could not be more clear—the California Court of Appeal "h[e]ld that CCP 340(a), the one-year statute of limitation, applies to disgorgement claims brought under section 7031(b)." *Eisenberg Village*, 53 Cal. App. 5th at 1212.

To be fair, there remained a reasonable possibility before November 24, 2020, that the California Supreme Court would have reviewed the *Eisenberg Village* decision

on its own motion, during which time it was reasonable still for HCP to refrain from wholly dismissing its disgorgement claim. If the California Supreme Court had indeed granted review, the published *Eisenberg Village* opinion would have had "no binding or precedential effect" pending that review. Cal. R. Ct. 8.1115(e)(1). Thus, up until November 24, 2020—when the California Supreme Court denied depublication and declined review of *Eisenberg Village*, thereby finalizing the ruling—it was not so frivolous for HCP to maintain its disgorgement claim that sanctions are warranted.

Notwithstanding the above, it *was* legally baseless and frivolous for HCP to maintain its disgorgement claim beyond November 24, 2020. Indeed, SG Blocks contacted HCP that very day regarding a motion for Rule 11 sanctions absent dismissal in light of *Eisenberg Village*, but HCP did not respond. (Decl. of Tyler J. Cesar, Ex. D, ECF No. 65-2.) SG Blocks contacted HCP again on November 30, 2020, and again on December 9, 2020, regarding the same. (*Id.*) Eventually, on December 17, 2020, HCP responded that "the applicable statute of limitations for HCP's 7031(b) claim is unsettled." (*Id.*) So, on December 18, 2020, SG Blocks informed HCP that it intended to move forward with filing the present Motion, which was filed well over twenty-one days later. (*Id.*; *see* Mot.)

The law regarding the applicable statute of limitations for disgorgement claims under section 7031(b) has been settled since November 24, 2020, at the latest, yet HCP did not dismiss its claim until April 26, 2021. Before dismissing the claim, HCP filed its current Opposition, attempting to argue before this Court that the *Eisenberg Village* decision was wrongly decided. That argument is legally baseless because *Eisenberg Village* is binding and precedential. To the extent HCP sought to modify existing law by way of this Court, its efforts were frivolous because federal district courts exercising diversity jurisdiction must apply substantive laws of the forum state, including statutes of limitations. *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993) ("State law barring an action because of a statute of limitations is sufficiently substantive . . . that a federal court in that state exercising diversity jurisdiction must

respect it." (internal quotation marks omitted)). No competent attorney would believe this Court could choose to disregard *Eisenberg Village* by deciding that the case was wrongly decided by the California Court of Appeal.

Accordingly, for maintaining an objectively baseless and frivolous claim for approximately five months, the Court hereby imposes a **SANCTION** of **nine-hundred and ninety-nine dollars ($999)** upon HCP's counsel, Mark R. Hartney, and his law firm, Allen Matkins Leck Gamble Mallory & Natsis LLP, payable directly to SG Blocks to compensate reasonable attorneys' fees incurred as a result of this Rule 11(b)(2) violation.

### B. Violation of Rule 11(b)(1) – Brought for an Improper Purpose

SG Blocks also argues that HCP's disgorgement claim was filed and maintained "for the improper purposes of pressuring SG Blocks to dismiss its affirmative claims and/or settle for less than what it is owed." (Mot. 24.) "Although the 'improper purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). "A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose." *Id.* at 1365.

Here, as already explained, HCP's disgorgement claim was not necessarily frivolous when it was filed in the FACC, but it became clearly untenable by November 24, 2020, at the latest. Notably, HCP's counsel submits only self-serving and conclusory declaration testimony that he "did not file or maintain HCP's Section 7031(b) claim for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." (Decl. of Mark R. Hartney ¶ 4, ECF No. 66-1.) On the other hand, SG Blocks merely asks the Court to infer an improper purpose, as SG Blocks provides no real evidence that malice was afoot. Thus, giving HCP the benefit of the doubt, the circumstances here do not warrant an inference, based

on the frivolousness of HCP's disgorgement claim, that the claim was filed or maintained for an improper purpose. *See In re Brooks-Hamilton*, 271 F. App'x 654, 660 (9th Cir. 2008) (emphasizing that an inference of improper purpose must be warranted by the circumstances). Accordingly, to the extent SG Blocks moves for sanctions under Rule 11(b)(1), the Motion is **DENIED**.

## V. CONCLUSION

In summary, SG Blocks's Motion for Sanctions is **GRANTED in part** and **DENIED in part**. (ECF No. 65.) HCP's counsel, Mark R. Hartney, and his law firm, Allen Matkins Leck Gamble Mallory & Natsis LLP, are hereby **SANCTIONED nine-hundred and ninety-nine dollars ($999)** for violating Rule 11(b)(2), by maintaining an objectively baseless and frivolous claim for disgorgement under section 7031(b), despite the claim being clearly time-barred. HCP's counsel shall submit payment directly to SG Blocks within **thirty (30) days** of this Order.

**IT IS SO ORDERED.**

July 1, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**